UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 1:11-bk-16309 |
| HENRY E. BAILEY, ) | |
| ) | Chapter 13 |
| Debtor, ) | |
| ) | Judge Burton Perlman |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary No. _____ |
| v. ) | |
| ) | |
| HENRY E. BAILEY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

The United States of America files this Complaint pursuant to Bankruptcy Rules 7001(6) and 7001(9) to obtain judgment pursuant to 11 U.S.C. § 1328(a)(4), declaring as non-dischargeable debt owed by Defendant Henry E. Bailey ("Defendant") to the United States. In support of this Complaint, the United States alleges as follows:

**<u>JURISDICTION</u>**

1. This is an Adversary Complaint to determine the dischargeability of debt and is thus a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Court has jurisdiction over this Adversary Complaint pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a).

## VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a), as the Complaint arises under Title 11, U.S.C., and Defendant's bankruptcy case, No. 1:11-bk-16309, is pending before this Court.

## PARTIES

3. Plaintiff United States is charged with the enforcement of Title VIII of the Civil Rights Act of 1968 (the "Fair Housing Act"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601-3619.

4. Defendant Henry E. Bailey is a debtor in the above-referenced bankruptcy case and resides in Cincinnati, Ohio, within the Southern District of Ohio.

## ALLEGATIONS UNDER 11 U.S.C. § 1328(a)(4)

5. On January 31, 2011, the United States filed a civil lawsuit against Defendant entitled *United States v. Henry E. Bailey*, Case No. 1:11cv00059, in the United States District Court for the Southern District of Ohio ("District Court"), alleging that Defendant had violated the Fair Housing Act by engaging in a pattern or practice of subjecting actual and prospective female tenants of his rental properties to severe, pervasive, and unwelcome sexual harassment.

6. Continuously from 1991 to the present, Defendant has been the owner of one or more residential rental properties located in the Cincinnati, Ohio, area in the Southern District of Ohio. These properties and the apartments located therein are dwellings within the meaning of 42 U.S.C. § 3602(b).

7. During all times that Defendant owned these properties, he controlled and/or had the power to control all aspects of the management of each property including, but not

limited to, showing available dwellings to prospective tenants, collecting rent, keeping track of past due rent, evicting tenants, accepting requests for repairs, making repairs, and performing maintenance.

8. From at least 2008 to 2011, Defendant on multiple occasions subjected actual and prospective female tenants of the subject properties to discrimination on the basis of sex, including severe, pervasive, and unwelcome sexual harassment. Such conduct included, but is not limited to:

   a. Making unwelcome sexual advances and unwelcome sexual comments to female tenants and prospective tenants;

   b. Entering the apartments of female tenants without permission and notice;

   c. Groping or otherwise touching female tenants and prospective tenants without their consent in a sexual or otherwise suggestive manner;

   d. Offering and granting tangible housing benefits, including reduced rent, overlooking late or unpaid rent in exchange for sexual favors, and performing maintenance or repairs in exchange for sexual favors; and

   e. Denying tangible housing benefits to tenants or prospective tenants, such as refusing to make repairs or perform maintenance, or refusing to offer discounts on rent or other fees because the individual had not provided requested sexual favors; and

   f. Taking adverse housing actions against female tenants who have not granted requested sexual favors, including evicting or initiating eviction proceedings against such tenants.

9. The conduct of Defendant described above constitutes:

   a. A denial of housing or making housing unavailable because of sex, in violation of Section 804(a) of the Fair Housing Act, 42 U.S.C. § 3604(a);

   b. Discrimination in the terms, conditions, or privileges of the rental of dwellings, or in the provision of services or facilities in connection therewith, because of sex, in violation of Section 804(b) of the Fair Housing Act, 42 U.S.C. § 3604(b);

   c. The making of statements with respect to the rental of dwellings that indicate a preference, limitation, or discrimination based on sex, in violation of Section 804(c) of the Fair Housing Act, 42 U.S.C. § 3604(c); and

   d. Coercion, intimidation, threats or interference with persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, their rights under Section 804 of the Fair Housing Act, in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617.

10. The conduct of Defendant constitutes:

    a. A pattern or practice of resistance to the full enjoyment of rights granted by the Fair Housing Act, 42 U.S.C. §§ 3601, et seq.; and

    b. A denial to a group of persons of rights granted by the Fair Housing Act, 42 U.S.C. §§3601, et seq., which denial raises an issue of general public importance.

11. Female tenants, prospective tenants, and persons associated with them have been injured by Defendant's discriminatory conduct. Such persons are aggrieved persons

as defined in 42 U.S.C. § 3602(i), and have suffered damages as a result of Defendant's conduct.

12. Defendant's conduct was intentional, willful, malicious, and/or taken in reckless disregard for the rights of others. Defendant's conduct has caused personal injury to the aggrieved persons.

13. As a result of Defendant's willful and malicious injuries, Defendant is liable to the United States for civil penalties, pursuant to 42 U.S.C. § 3614(d)(1)(C), in an amount to be determined, and for monetary damages to the aggrieved persons, pursuant to 42 U.S.C. § 3614(d)(1)(B), in an amount to be determined.

14. On June 16, 2011, the District Court adopted the Magistrate Judge's Report and Recommendation granting the United States' Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(a)(3)(A), due to Defendant's repeated failure to file initial disclosures. (*See* Order, Dkt No. 17; Report and Recommendation, Dkt No. 16.) The sanctions imposed are that Defendant is precluded from presenting any evidence or witnesses at trial except for purposes of impeachment.

15. Discovery in *United States v. Henry E. Bailey*, Case No. 1:11cv00059, closed on January 5, 2012.

16. Defendant filed for Chapter 13 bankruptcy on October 18, 2011, in the United States Bankruptcy Court for the Southern District of Ohio ("Bankruptcy Court").

17. Pursuant to 11 U.S.C. § 1328(a)(4), the debt owed by Defendant to the United States for civil penalties and monetary damages due to Defendant's willful and malicious conduct is not dischargeable.

18. On November 24, 2011, the Chapter 13 Trustee, Margaret A. Burks, filed a Trustee's Report in the Bankruptcy Court, in which the Trustee stated that "USA v. Bailey in U.S. District Court has been stayed." (Bankr. Dkt No. 21, ¶ 12.) However, to date, the District Court has not stayed the district court lawsuit. Furthermore, pursuant to 11 U.S.C. § 362(b)(4), Defendant's bankruptcy petition does not operate as an automatic stay of the district court lawsuit because the lawsuit constitutes the continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## **REQUESTED RELIEF**

For these reasons, the United States requests that this Honorable Court:

A. Determine that the debt that is owed by Defendant Henry E. Bailey to the United States is excepted from discharge pursuant to 11 U.S.C. § 1328(a)(4); and

B. Grant the United States such other and further relief as the Court deems just and necessary.

Respectfully submitted January 12, 2012.

| | |
|---|---|
| CARTER M. STEWART<br>United States Attorney | THOMAS E. PEREZ<br>Assistant Attorney General<br>Civil Rights Division<br><br>s/ Tanya Ilona Kirwan |
| DONETTA D. WIETHE<br>Deputy Civil Chief<br>Ohio Bar Number 0028212<br>Attorney for Plaintiff United States<br>United States Attorney's Office<br> for the Southern District of Ohio<br>221 East 4th Street, Suite 400<br>Cincinnati, OH 45202<br>Telephone: (513) 684-3711<br>Facsimile: (513) 684-6972<br>E-mail: donetta.wiethe@usdoj.gov | STEVEN H. ROSENBAUM<br>Chief<br>TIMOTHY J. MORAN<br>Deputy Chief<br>TANYA ILONA KIRWAN, Maryland Bar<br>HOLLY C. LINCOLN, New York Bar<br>Attorneys for Plaintiff United States<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Northwestern Building, 7th Floor<br>Washington, D.C. 20530<br>Telephone: (202) 305-4973<br>Facsimile: (202) 514-1116<br>E-mail: tanya.kirwan@usdoj.gov<br>E-mail: holly.lincoln@usdoj.gov |